CENTRAL PASTO VIEJO, INC., Plaintiff and Appellant, v. ERNESTO FERNANDO SCHLÜTER, Defendant and Appellee.

No. 4828. Argued May 10, 1929.—Decided December 9, 1929.

*Henry G. Molina* and *M. León Parra*, for appellant. *Hugh R. Francis,* for appellee.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

Central Pasto Viejo, Inc., sued Ernesto Schlüter in the District Court of San Juan and prayed for a judgment compelling the defendant to perform a contract of assignment of mortgage credits, and to execute the proper deed.

It is alleged in the complaint that the defendant owned certain mortgage credits on some properties belonging to the spouses Perales-Rodríguez, and that on May 20, 1927, the plaintiff, through its president Mr. Walker, entered into a contract with the defendant, wherein the latter bound himself to convey said mortgage credits to the plaintiff or to Mr. Walker for a sum of money representing the difference between $47,500, at which the encumbered property was assessed, and the total amount of the outstanding credits having priority over those held by the defendant; that the plaintiff commissioned its attorney to find out the aggregate amount of such preferred liens and that the attorney applied to the registry of property for information, which he did not receive in time. It is further alleged that thereafter, when the information was procured, said attorney had a conference with the defendant at which time the amount to

be paid to the latter was agreed upon, and that, accordingly, the plaintiff stood ready to pay and did tender the said amount to the defendant, who refused to accept it claiming that the contract had been rescinded, because the plaintiff had purchased the mortgaged property and had covenanted with the vendors, the spouses Perales-Rodríguez, to pay the mortgage held by the defendant. The complaint also avers that it is true that in the conveyance executed by the spouses Perales-Rodríguez in favor of the plaintiff the sum of $68,486.79 was fixed nominally as the price of the property, $25,586.79 thereof being set apart for the payment of the mortgages held by Schlüter; that the plaintiff had been willing to purchase the property in question at the stated price of $68,486.79 because it had secured from the defendant herein the transfer of the mortgages for $20,500, with a difference in favor of plaintiff amounting to $5,000 approximately; that the defendant refuses to execute the deed of assignment and has instituted foreclosure proceedings for the collection of one of his credits amounting to $8,275 and interest thereon. The plaintiff deposited in court the sum of $20,500 and interest thereon from May 20, 1927, to the filing of the complaint.

The defendant admitted the existence of the mortgage credits which had priority over his own, and of those executed in his favor, although setting up certain denials relating to the duration and amount of some of the credits and in regard to certain assignments. He denied having entered into any agreement with the plaintiff, through its president or anybody else, at any time or occasion, regarding the assignment of his credits for the amount alleged, or for any other. He alleged that on March 20, 1927, he met Mr. Walker, as representative of the Juncos Central Company, and that the latter offered to buy from the defendant his mortgage credits for the sum of $47,500 in cash, but that no deal was closed; that a few days later the defendant requested Mr. Walker by telegraph, as the representative of the Juncos Central Com-

pany, to confirm his offer, but that the defendant did not receive an answer; that the defendant confirmed the above telegram by letter, but again received no reply, and that he wrote once more to the Juncos Central Company in regard to the same matter without obtaining any answer; that thereafter he called the offices of the said company over the telephone and Mr. Muller, another representative of the company, replied that they had the matter under consideration and would let him know; that the defendant, in view of that answer and the failure to confirm the offer, considered the latter as withdrawn; that the defendant has not con- tracted with the Central Pasto Viejo, Inc., either through Mr. Walker or through any other person. The defendant further denied, for lack of information or belief, everything relating to the steps alleged to have been taken by plaintiff's attorney to procure certain data from the registry. He admits that attorney Molina went to the office of the defendant, but denies that any contract or agreement was entered into with reference to an appraisal of the value of the property, the particular credits or any amount to be paid, either on the aforesaid date of August 5, 1927, or at any other time. He admits that on or about August 9, 1927, the plaintiff tendered him the sum of $20,902.98, which the defendant rejected, and he alleges that he did so because he had not entered into any agreement with plaintiff and was not bound to receive such sum. He further alleges that prior to August 9, 1927, the plaintiff had received from the spouses Perales-Rodríguez the amount of the mortgage credits held by the defendant with accrued interests thereon, for delivery to the defendant. He denies that the sum of $68,486.79 fixed at the time of the purchase of the properties was nominal or apparent, and he likewise denies specifically all the other averments of the complaint. He also alleges that the complaint does not state facts sufficient to constitute a cause of action and that, as conjugal property is involved, a party defendant is wanting; that the facts in the case are such

that the defendant was never entitled to require of plaintiff the performance of any contract; that subsequent to the filing of the complaint herein the plaintiff has paid to the defendant the total amount of his mortgage credits together with interest thereon, and the defendant does not own any mortgage credit on the property described in the complaint; and that the matter before the court is a moot question.

The case went to trial. The plaintiff introduced its evidence, and the defendant thereupon entered a motion for nonsuit, which he based on eighteen grounds that might perhaps be reduced to less. Among them, the following might be singled out as of outstanding importance:

(*a*) That it appears from plaintiff's evidence that defendant's mortgage credits have been totally paid by the plaintiff to the defendant subsequent to the filing of the complaint herein and that no supplemental complaint has been filed, thus making it an impossibility to render the judgment prayed for.

(*b*) That it has not been shown that any contract existed between the plaintiff and the defendant, or that Mr. Walker on May 20, 1927, had contracted in any manner whatsoever on behalf of the Central Pasto Viejo, Inc., or that he had been authorized by the latter to enter into any contract, or that Central Pasto Viejo, Inc., was bound under any such contract.

(*c*) That plaintiff has not offered or introduced sufficient evidence of the existence of such contract as alleged.

The court sustained the motion for nonsuit and gave judgment for the defendant, from which judgment this appeal has been taken.

The following errors are assigned:

"1. The court erred in holding that the plaintiff had failed to prove the existence of any contract between plaintiff and defendant.

"2. The court erred in sustaining the motion for nonsuit.

"3. The court committed manifest error in awarding costs against the plaintiff."

After considering the evidence in the present case we are unable to find any contractual relation between the plaintiff corporation Central Pasto Viejo, Inc., and the defendant Schlüter. It appears that Walker had a talk with Schlüter on May 20, 1927, in regard to the assignment of the latter's mortgage credits on the properties of the spouses Perales-Rodríguez and offered to buy such credits, and that Schlüter offered to assign or sell them. But from all the evidence introduced by the plaintiff it may turn out that the prospective purchaser was Walker himself, or at most the Juncos Central Company. To the latter were addressed the letters from Schlüter (of April 11 and 19, 1927) prior to the interview with Walker; and to it the conference between Walker and Schlüter, in which the plaintiff herein was not mentioned as a purchaser, could and should be logically referred.

The letter of May 27, 1927, to Henry G. Molina captioned *"In re Julio Perales* v. *Schlüter,"* is signed by Muller on behalf of the Juncos Central Company. The telegram of July 21, 1927, from Schlüter is addressed to Juncos Sugar Central and was answered by Walker on the 22nd of the same month. It is to that answer that the letter of July 29, 1927, from the Juncos Central Company to Molina, refers. The letter of July 29, 1927, from Molina to Schlüter was written on behalf of the former's client, the Juncos Central Company, as expressly shown by its text, while Central Pasto Viejo, Inc., is revealed in its relation to attorney Molina by the letter of August 6, 1927, written for the purpose of giving an account of the conference with Schlüter. It is very doubtful, of course, whether that letter could be properly considered as evidence, but there is no doubt that it could not be so considered as against the defendant in order to show that the latter contracted with Central Pasto Viejo, Inc. Apart from its manifest character as self-serving evidence, it could not be a probatory element of the alleged contract, especially since all the previous

documents tend to establish some relation between the Juncos Central Company and Schlüter, and that relation, in the event it existed as a contractual tie, could not be novated without the knowledge and consent of Schlüter.

It is possible that Walker may possess, in addition to his own personal status, those as agent of the Juncos Central Company and as agent of the Central Pasto Viejo. But, apart from the fact that in order to act as agent of a corporation in a contract of sale the person so acting would have to prove such agency, either by the articles of incorporation or the by-laws of such corporation, or by its express consent —at least, as regard the contract—it would still have to be proved that Walker waived two of his representations and acted in the remaining capacity. This has not been shown by plaintiff's evidence.

It appears from that evidence that Schlüter requested a ratification of the offer which, by reasons which are not very clear, never came.

Under such a state of facts, the trial judge could not conclude that he had before him evidence on which to base a judgment declaring the existence of a contract between Central Pasto Viejo, Inc., and Schlüter. The plaintiff did not make out a case; that was all.

There appears incorporated in the record, by an order of this court dated April 1, 1929, a copy—certified to by the attorneys of the parties—of a motion filed in the name of Ernesto Fernando Schlüter in the District Court of San Juan in this same case, Civil No. 5528, wherein it is stated that at the public auctions held pursuant to the foreclosure of the mortgage credits of Schlüter against Julio Perales and Central Pasto Viejo, Inc., the latter appeared by counsel and paid to the marshal, in one case $10,046.59 and in another $16,136.16, the amounts claimed, and that the public sales were set aside, but that the plaintiff Central Pasto Viejo, Inc., obtained from the district court orders whereby said sums were retained in the office of the clerk; that such orders

had no justification in law and were void; and the petitioner requested that the orders of retention be set aside, or at least that the sum of $21,089.38 out of the total amount thus retained be delivered to him. On December 19, 1927, the court rendered a decision, stating that the plaintiff did not oppose the motion of the defendant, provided that the latter furnish a bond in the amount of $7,000 to which the defendant agreed; and the court ordered the furnishing of this security and the delivery of the amount requested by the defendant, to which delivery no objection was made by the plaintiff.

The above clearly establishes the fact that the mortgages in favor of Schlüter had been foreclosed and the amounts thereof paid—$10,046.59 on November 8, 1927, and $16,136.16 on December 9, 1927. The certificate agrees with two checks drawn on the National City Bank of New York shown in the record (Exhibits Nos. 11 and 12, pp. 348 and 349 of the record), although there is a slight discrepancy as to the latter sum. Those checks were issued and payable to the Marshal of the District Court of Humacao, by Central Pasto Viejo, Inc., on November 8 and December 9, 1927, for deposit in the said foreclosure proceedings.

It would seem advisable to remark that the trial of the case herein took place during April 26, May 10, June 6, and June 12 of 1928, that is, after the foreclosure of the mortgages held by Schlüter. How a court could render such a judgment as was prayed for in the complaint herein after the said mortgages had been foreclosed, or how such a judgment, if rendered at all, could be enforced is something we can not conceive. Undoubtedly, the prayer of the complaint does not affect the question of the statement of a cause of action; but courts are not bound to do the impossible, and when the pleader himself shows that the relief prayed for is an impossibility, he can not complain if the court refuses to follow him into that field.

As regards the question of whether or not courts are empowered to weigh the evidence in deciding a motion for nonsuit, this court, in the case of *Pablo Calcerrada* v. *American Railroad Company of Porto Rico*, 39 P.R.R. 251, 252, has said:

"Incidentally we desire to say that in the former appeal the American Railroad Company, the then appellee, did not press for an affirmance on the ground that evidence in favor of plaintiff in opposition to the evidence of negligence may in certain cases be disregarded. There is some conflict in the authorities, but the current of them is that, on motion for nonsuit when the evidence that favors a plaintiff is negligible or verdict in his favor would definitely be set aside, the court may grant the motion. Estate of Morey, 147 Cal. 495; Grant v. Chicago, Milwaukee & St. Paul Co. (Mont.), 252 Pac. 382; 38 Cyc. 1556."

In *Lambuth* v. *Stetson & Post Mill Co.*, 44 Pac. 148, it was held—

"But, where the entire trial is before the court which must finally pass upon the law and facts of the case, there is no good reason why it should not be allowed to determine the facts necessary to a proper application of the law at any time during the trial. It would be worse than useless for the court, after its attention had been called to the insufficiency of the evidence offered by the plaintiff to establish the facts necessary to enable him to recover, and after being satisfied that such was the nature of the evidence introduced by the plaintiff, to require the defendant to put in evidence to disprove that which had been already sufficiently disproved."

In a case tried to the court without a jury, the power of the court to weigh the evidence of the plaintiff, for the purpose of determining whether the latter has proved a case which will support a judgment in his favor, seems to us indisputable.

The first and second errors assigned are without merit; and as regards the imposition of costs it is evident to us that the trial court used its discretion wisely and correctly.

The judgment appealed from must be affirmed.