Central Pasto Viejo, Inc., demandante y apelante, *v.* Ernesto Fernando Schlüter, demandado y apelado.

No. 4828.—*Sometido:* Mayo 10, 1929. *Resuelto:* Diciembre 9, 1929.

*Henry G. Molina* y *M. León Parra,* abogados de la apelante; *Hugh R. Francis,* abogado del apelado.

El Juez Asociado Señor Texidor, emitió la opinión del tribunal.

Central Pasto Viejo, Inc., demandó a Ernesto Schlüter, y pidió a la Corte de Distrito de San Juan una sentencia condenando al demandado a que cumpliera un contrato de cesión de créditos hipotecarios, y otorgara la escritura correspondiente. Alegó que el demandado era dueño de unos créditos hipotecarios sobre unas fincas de los esposos Perales Rodríguez; y que la demandante, por medio de su presidente el Sr. Walker celebró en 20 de mayo de 1927 un contrato con el demandado, comprometiéndose éste a ceder y traspasar sus créditos hipotecarios a la demandante, o al Sr. Walker por una suma que representaba la diferencia entre $47,500 en que se valoraba la finca gravada, y el montante de los créditos preferentes a los que en su favor tenía el demandado; que la demandante encargó a su abogado de averiguar el montante de tales gravámenes preferentes, y el abogado solicitó informes del registro, que no recibió a tiempo, y más tarde obtenidos los informes, tuvo una entrevista con el demandado en la que se acordó la suma que se le debía pagar, y que de acuerdo con esto la demandante quiso pagar, y ofreció, esa suma al demandado, pero éste se negó a aceptarla, alegando que el contrato estaba rescindido, porque la demandante había comprado la finca hipotecada, y se había comprometido con los vendedores, esposos Perales-

Rodríguez a pagar las hipotecas del demandado; que es cierto que en la escritura de compra por la demandante a los esposos Perales-Rodríguez se fijó el precio nominal de $68,486.79 por la finca, y entre las sumas reservadas se encuentra la de $25,586.79, para pago de las hipotecas a favor de Schlüter; que la demandante estuvo dispuesta a comprar aquella finca en la suma aparente de $68,486.79, porque había adquirido del aquí demandado las hipotecas en $20,500 haciendo así una diferencia a favor de la demandante, de $5,000 aproximadamente; que el demandado se niega a otorgar la escritura de cesión, y ha radicado una ejecución hipotecaria para el cobro de uno de sus créditos, de $8,275 y los intereses. La demandante consignó la suma de $20,500, con los intereses desde el 20 de mayo de 1927, hasta la radicación de la demanda.

El demandado admitió la existencia de los créditos hipotecarios previos a los suyos, y de los constituídos a su favor, si bien estableciendo ciertas negaciones en cuanto a la extinción y cuantía, y a ciertas cesiones; negó que hubiera contratado con la demandante, por medio de su presidente, o de cualquiera otra persona en ninguna fecha u ocasión, sobre la cesión de sus créditos en la cantidad alegada, o en cualquiera otra; y alegó que el 20 de marzo de 1927, se encontró con el Sr. Walker, como representante de la Juncos Central Company, y éste le hizo una oferta para comprarle sus créditos hipotecarios por $47,500 de contado, pero que no se cerró negocio alguno, y a los pocos días de esa entrevista, el demandado solicitó por telégrafo del Sr. Walker como representante de la Juncos Central Company, la confirmación de su oferta, sin que obtuviera contestación alguna; que el demandado por carta confirmó el citado telegrama, sin obtener tampoco contestación, y volvió a escribir a la Juncos Central Company sobre el mismo asunto, sin obtener respuesta, y llamó a dicha compañía por teléfono, y el Sr. Muller, representante también de al compañía, contestó que estaban estudiando el asunto, y que le avisa-

rían; y el demandado, en vista de tal contestación, y de la falta de confirmación de la oferta, la dió por retirada; que el demandado no ha tratado con la Central Pasto Viejo, Inc., ni por medio de Mr. Walker, ni por ninguna otra persona; niega por falta de información y creencia cuanto se refiere a las gestiones del abogado para obtener datos del registro; admite que el abogado Sr. Molina fué a la oficina del demandado, pero niega que hubiera contrato o convenio alguno en cuanto a fijación de valor de la finca, el de los créditos y cantidad a pagar, ni en esa fecha 5 de agosto de 1927, ni en otra alguna; admite que allá por el 9 de agosto de 1927 la demandante le ofreció $20,902.98 que el demandado se negó a recibir, pero alega que lo hizo porque no tenía contrato alguno con la demandante, y no tenía obligación de recibir tal suma; alega que con anterioridad a 9 de agosto de 1927, la demandante había recibido de los esposos Perales-Rodríguez el importe de los créditos hipotecarios del demandado con sus intereses, para ser entregado al demandado; negó que el precio de $68,486.79 fijado a la compra de las fincas fuera nominal o aparente; niega asimismo las demás alegaciones de la demanda, específicamente; alega que la demanda no aduce hechos suficientes para constituir causa de acción, y que, tratándose de bienes que son gananciales falta una parte demandada; que los hechos del caso son tales que el demandado nunca tuvo el derecho de exigir a la demandante cumplimiento de contrato alguno; y que posteriormente a la demanda en este caso la demandante ha satisfecho al demandado el importe total de sus créditos hipotecarios y sus intereses, y que el demandado no es dueño de crédito hipotecario alguno sobre la finca que se describe en la demanda, y la cuestión ante la corte es un "moot question".

Fué el caso a juicio. Practicó la demandante su prueba; y el demandado presentó una moción de *non-suit,* con diez y

seis fundamentos, que quizá pueden ser reducidos a menos. Pero de ellos, como más salientes pueden entresacarse los siguientes:

(*a*) Que de la prueba de la demandante resulta que el crédito hipotecario del demandado ha sido pagado en su totalidad por la demandante al demandado, posteriormente a la presentación de la demanda en este caso, y no se ha presentado demanda complementaria alguna; resultando imposible que se dicte la sentencia solicitada.

(*b*) Que no se ha probado la existencia de contrato alguno entre la demandante y el demandado, ni que el Sr. Walker en 20 de mayo de 1927 haya contratado en forma alguna representando a Central Pasto Viejo, Inc., ni tuviera facultades de ésta para contratar, ni que Central Pasto Viejo, Inc., estuviera obligada por contrato alguno.

(*c*) Que la demandante no ha ofrecido o presentado prueba suficiente de la existencia de un contrato como el que se alega.

La corte declaró con lugar la moción de *non-suit,* y dictó sentencia en favor del demandado; y contra ella se ha interpuesto la presente apelación.

Se señalan los siguientes errores:

"1. La corte erró al declarar que la evidencia de la demandante no había establecido la existencia de ningún contrato entre la demandante y el demandado.

"2. La corte erró al declarar con lugar la moción de *non-suit.*

"3. La corte cometió manifiesto error al imponer las costas a la demandante."

Examinada la prueba en el caso, es imposible encontrar el nexo contractual, la relación de esa clase entre la corporación demandante Central Pasto Viejo, Inc., y el demandado Schlüter. Aparece que el Sr. Walker habló con Schlüter el 20 de mayo de 1927, acerca de la cesión de los créditos hipotecarios del último sobre las fincas de los esposos Perales-Rodríguez, y ofreció comprar tales créditos, y Schlüter ofreció cederlos o venderlos. Pero de toda la

prueba presentada por la demandante podrá resultar que el posible comprador fuera el mismo Sr. Walker, o a lo más la Juncos Central Company. A ésta se dirigen las cartas del Sr. Schlüter (abril 11 y 19, 1927) antes de la entrevista con el Sr. Walker; a ella puede, y debe lógicamente, referirse la entrevista de los Sres. Walker y Schlüter, en la que no se menciona a la ahora demandante como compradora. La carta de 27 de mayo, 1927, al Sr. Henry G. Molina, *In re Julio Perales* v. *Schlüter,* viene firmada por The Juncos Central Company, y en su nombre el Sr. Muller. El telegrama de 21 de julio, 1927, de Schlüter, se dirige a Juncos Sugar Central, y obtiene contestación de Walker el 22 del mismo mes, y a esa contestación se refiere la carta de The Juncos Central Company al Sr. Molina en 29 de julio, 1927. La carta del Sr. Molina al Sr. Schlüter, julio 29, 1927, se escribió en nombre de su cliente la Juncos Central Co., como aparece expresamente del texto de la misma, y aparece la Central Pasto Viejo, Inc., en la relación entre ella y el abogado Sr. Molina, en la carta de 6 de agosto, 1927, y para dar cuenta de la conferencia con el Sr. Schlüter. Es, desde luego, muy dudoso que esta carta pudiera ser tenida como evidencia, y no es dudoso que no podría ser evidencia en cuanto al demandado, para probar que éste contrató con la Central Pasto Viejo, Inc. Fuera de la notoria calidad de *self-serving evidence,* ella no sería elemento probatorio del contrato, máxime cuando toda la documentación anterior tiende a establecer una relación entre la Juncos Central Co. y el Sr. Schlüter, y esa relación, en el caso de que existiera como contractual, no podría novarse sin el consentimiento, y el conocimiento, del Sr. Schlüter.

Es posible que el Sr. Walker tenga la múltiple personalidad de representante de Juncos Central Co., representante de Central Pasto Viejo, y su propia personalidad. Pero, aparte de que para representar a una corporación en un negocio de compraventa, tendría que justificarse tal representación, ya por las cláusulas o por los reglamentos de la cor-

poración, ya por el expreso asentimiento de ésta, al menos, en lo que afecta al contrato, tendría que justificarse que el Sr. Walker, prescindió de dos de sus representaciones para actuar en la otra. Y esto falta en la prueba de la demandante.

De la misma prueba aparece que el Sr. Schlüter solicitó la confirmación de la oferta, y que ésta, por causas que no resultan muy definidas, no vino.

En esas condiciones, no puede el juez creer que tiene ante sí prueba para fundar una sentencia en la que declare la existencia de un contrato entre Central Pasto Viejo, Inc., y Ernesto Fernando Schlüter. No hay prueba; eso es todo en el caso.

Incorporada al récord por orden de este Tribunal Supremo de fecha 1º de abril de 1929, aparece una copia, certificada por los abogados de las partes en el caso, de una moción que se presentó en nombre de Ernesto Fernando Schlüter, ante la Corte de Distrito de San Juan en este mismo caso Civil No. 5528, en la que se hizo constar que en las ejecuciones de los créditos hipotecarios del Sr. Schlüter contra Julio Perales y la Central Pasto Viejo, Inc., al acto del remate compareció Central Pasto Viejo, Inc., y pagó al márshal en un caso $10,046.59, y en otro $16,136.16, importe de las sumas reclamadas, y que las subastas se dejaron sin efecto; pero que la demandante Central Pasto Viejo, Inc., obtuvo de la corte de distrito medidas aseguratorias por las que dichas sumas quedaron retenidas en secretaría; y que esas medidas estaban fuera de ley, y eran nulas; y el peticionario solicitó que se dejaran sin efecto las órdenes de retención, o cuando menos, se le entregaran $21,089.38, del total retenido. En 19 de diciembre de 1927, la corte dictó resolución haciendo constar que a la moción del demandado no se había hecho objeción por la demandante, siempre que aquél prestara fianza por $7,000, con lo que estuvo conforme el demandado; y ordenó la prestación de la fianza; y la entrega de los

$21,089.38 que pedía el demandado, y a cuya entrega no se opuso la demandante.

Revela esto claramente un hecho: que las hipotecas a favor de Schlüter habían sido ejecutadas, y su importe entregado en 8 de noviembre de 1927 el de la de $10,046.59, y el 9 de diciembre de 1927 el de la de $16,136.16. La certificación armoniza con dos cheques, sobre el National City Bank of New York, exhibits 11 y 12, folios 348 y 349 del récord, aunque hay una pequeña diferencia en la segunda suma; y cuyos documentos se suscribieron a favor del márshal de distrito de Humacao por la Central Pasto Viejo, Inc., en noviembre y 9 de diciembre de 1927 para depositar en las dichas ejecuciones de hipoteca.

Es de conveniencia hacer constar que el juicio en este caso ahora en apelación se celebró en los días 26 de abril, 10 de mayo, y 6 y 12 de junio de 1928; esto es, después de las ejecuciones de las hipotecas a favor del Sr. Schlüter. De cómo se podría por la corte dictar una sentencia como la que se pidió en la demanda, después de hallarse ejecutadas las hipotecas, y de cómo esa sentencia se habría de cumplir, no tenemos idea. Indudablemente, la súplica de la demanda no afecta la cuestión de causa de acción; pero las cortes no están obligadas a lo imposible, y cuando la misma parte que pide demuestra la imposibilidad de lo que pide, no puede quejarse de que la corte rehuse ir a ese terreno.

En lo que toca a si las cortes pueden, o no, pesar la evidencia presentada por la parte demandante cuando tienen que resolver una moción de *non-suit,* en los casos *Pablo Calcerrada* v. *American Railroad Co. of P. R.,* decididos en 8 de marzo de 1929 por este Tribunal Supremo, dijimos:

"Debemos manifestar incidentalmente que en el recurso de apelación anterior la American Railroad Company entonces apelada, no hizo hincapié en la confirmación fundándose en que la prueba a favor de la demandante en oposición a la prueba de negligencia puede en ciertos casos ser pasada por alto. Existe algún conflicto entre las autoridades, pero la corriente de ellas es que una moción de *non-suit*

cuando la prueba que favorece al demandante es débil, o cuando se anularía definitivamente un veredicto rendido a su favor, la corte entonces puede declarar con lugar la moción. Estate of Morey, 147 Cal. 495; Grant v. Chicago, Milwaukee & St. Paul Railway Co., 252 Pac. 382; 38 Cyc 1556.''

Y en el caso *Lambuth* v. *Stetson & Post Mill Co.,* 44 Pac. 148, se sostuvo:

''Pero cuando todo el juicio está ante el tribunal que al fin y al cabo ha de considerar la ley y los hechos del caso, no hay razón lógica alguna por la cual no deba permitírsele determinar los hechos precisos para una propia aplicación de la ley, en cualquier momento del juicio. Sería poco menos que inútil el que la corte, después que se ha llamado su atención hacia la insuficiencia de la prueba ofrecida por el demandante para establecer los hechos necesarios para el resarcimiento, y después de quedar convencida de que tal era la naturaleza de la prueba aducida por el demandante, exija al demandado que traiga evidencia para controvertir lo que ya ha sido refutado.''

En un juicio seguido ante un juez de derecho, sin intervención del jurado, esa facultad de pesar la prueba del demandante a los fines de saber si él ha presentado un caso sobre el que se pueda por el juez dictar una sentencia, nos parece indiscutible.

No existen los errores señalados en primer y segundo lugar. Y en lo que se refiere a la imposición de las costas, es para nosotros evidente que el juez sentenciador usó de su discreción recta y prudentemente.

*Debe confirmarse la sentencia apelada.*