[No. 2098.   Decided March 3, 1896.]

W. D. LAMBUTH, *Appellant*, v. STETSON & POST, MILL COMPANY, *Respondent*.

NON-SUIT—TRIAL BY COURT.

The court upon a trial without a jury may grant a non-suit at the close of plaintiff's evidence, on the ground that a fair preponderance of the proof established facts preventing recovery by plaintiff, although there is evidence tending to sustain plaintiff's claim.

Appeal from Superior Court, King County.—Hon. T. J. HUMES, Judge.    Affirmed.

*W. D. Lambuth*, and *Lindsay, King & Turner*, for appellant.

*John Wiley*, and *Battle & Shipley*, for respondent.

HOYT, C. J.—This action was brought to recover damages for sawing up and rendering difficult, uncertain and impossible of identification, certain sawlogs, on which the plaintiff's several assignors had liens for labor.  The cause went to trial before the court, a jury having been waived by the parties. After plaintiff had put in his evidence and rested, defendant moved for non-suit and a dismissal of the action on the ground that the evidence had not shown that plaintiff was entitled to recover.  This motion was granted for the reason, as stated by the court, that a fair preponderance of the proof established facts which prevented a recovery by the plaintiff. The granting of this motion, followed by a dismissal of the action, is the ground upon which plaintiff relies for a reversal.

If the court had a right to weigh the evidence tending to establish the facts alleged in the answer against that which tended to make out plaintiff's *prima facie* case, and decide in accordance with what he thought to be the preponderance of the evidence on either side, the judgment must be affirmed, for, if he had a right to do this, his conclusion has the force here of the verdict of a jury, and will not be disturbed if there was evidence upon which it could be founded.  Could the court thus weigh the testimony for and against the claim of plaintiff upon this motion for a non-suit, or must it be denied if there was any evidence tend-

ing to sustain the claim of the plaintiff, however much there might be in opposition thereto? Is the duty of the court upon such motion the same in regard to the evidence when the case is being tried before it without a jury as when it is being tried with the aid of a jury?

Appellant has cited a large number of cases to show that a motion for a non-suit should be denied if the evidence introduced by the plaintiff tended to establish the facts necessary to a recovery; but all but one stated the rule in cases in which the cause was tried before a jury. The single case cited by appellant which has any tendency to show that the rule in cases tried to a jury obtains in those tried to the court, is *Myers v. Polhemus*, 28 N. Y. Supp. 1025, and in the opinion in that case two other New York cases are cited in support of the rule laid down in that one, to the effect that a referee before whom a case was being tried was governed by substantially the same rule in the consideration of the evidence upon a motion for a non-suit as was a court when trying a case with a jury. But we are not satisfied that the ruling in these cases furnishes any support for the contention that a court trying a case without a jury is governed by the same rule.

The brief of appellant fails to call attention to the statute of the state of New York governing the trial of cases before referees; but we feel authorized to assume that while his determination of the facts within certain limits is conclusive upon the parties, the court has some duty to perform after the report of the trial has been made by the referee. This being so, there would be reason for holding that his determination of the facts should be upon the evidence of both parties, and that if he decided the case upon less than this, it

should be upon a question of law which the court
could review without an examination of the testimony
further than the determination of such question of
law required.    Any other rule might require the
court to examine the evidence, for the purpose of de-
termining whether or not the findings of the referee
should be sustained, upon the determination of such
facts upon the testimony of plaintiff alone, and again,
after such determination, upon the evidence of both
parties.    This would be against the policy of the law,
and to prevent it, it was necessary to hold that the
referee, upon a motion for non-suit, could only decide
questions of law.

But, where the entire trial is before the court which
must finally pass upon the law and facts of the case,
there is no good reason why it should not be allowed
to determine the facts necessary to a proper applica-
tion of the law at any time during the trial.    It would
be worse than useless for the court, after its attention
had been called to the insufficiency of the evidence
offered by the plaintiff to establish the facts necessary
to enable him to recover, and after being satisfied that
such was the nature of the evidence introduced by
the plaintiff, to require the defendant to put in evi-
dence to disprove that which had been already suffi-
ciently disproved.

When the trial is before a jury, the court cannot
weigh the testimony upon a motion for a non-suit for
the reason that it cannot weigh it at any time; but
when the trial is without a jury, the court must event-
ually weigh the testimony for the purpose of deter-
mining where the preponderance is, and there is no
reason why it should not so weigh it at the earliest
possible time when the rights of the plaintiff will not
be cut off by its so doing; and when the plaintiff has

introduced all of his proof and rested, no right of his will be cut off if the court then determines what has been proven. It cannot be presumed that plaintiff's case will be strengthened by the evidence put in by the defendant. If, when plaintiff had submitted his evidence, the defendant had rested without putting in any proof, it is clear that the court would have had to determine the questions of fact made by the pleadings upon a preponderance of the testimony. Hence, under the rule contended for by the appellant, the court might be put in the anomalous position of denying the motion for a non-suit and immediately thereafter, upon the refusal of the defendant to put in any proof, deciding the case in his favor.

No good purpose could be subserved by refusing to a trial court the right to determine the law in the light of the evidence upon a motion for a non-suit the same as upon final submission.

It was the right of the court, upon the motion for non-suit, to decide as to the preponderance of the evidence, and it having decided that such preponderance was with the defendant, and there having been testimony to support such finding, the judgment rendered thereon must be affimed.

DUNBAR, SCOTT, ANDERS and GORDON, JJ., concur.