[No. 32980.   Department Two.   January 6, 1955.]

HARRY RICHARDS, *Appellant*, v. RALPH KUPPINGER, *Respondent*.[1]

[1]Reported in 278 P. (2d) 395.

*A. O. Colburn* and *Leo H. Fredrickson,* for appellant.

DONWORTH, J.—This is an appeal from a judgment of dismissal entered after the trial court granted defendant's motion for a nonsuit as to plaintiff's first cause of action. The case was tried to the court sitting without a jury.

In his fourth amended complaint (which contained twelve causes of action), plaintiff alleged in his first cause of action that defendant converted to his own use forty-five tons of hay valued at $1,125 owned by plaintiff and stored on a farm which plaintiff sold to defendant.

Plaintiff testified, however, that he had not sold the farm to defendant but that the latter had moved onto the farm in September, 1948, after plaintiff orally agreed to sell him the farm. The oral agreement was canceled by plaintiff on October 15, 1948, when defendant failed to make the down payment of $450 agreed upon, plaintiff said. After the oral agreement was canceled, plaintiff agreed to allow defendant to remain on the farm in return for his agreement to feed and care for plaintiff's horses and cattle on the place. Plaintiff testified that defendant had agreed to purchase from plaintiff the hay stored in his barn on the premises and to feed plaintiff's hay to plaintiff's horses and cattle, and that he had agreed that defendant could retain the proceeds from the sale of the milk produced by the cows.

On cross-examination by counsel for defendant, and on examination by the court, plaintiff was unable to testify as to when defendant agreed to pay for the hay or what he said

when such alleged agreement was made. Plaintiff finally was asked by counsel for defendant:

"Q. And there was no question in your mind Kuppinger knew it was your hay and he had to pay for it? A. Well, if he had any brains at all, he would know it."

Plaintiff admitted on cross-examination that he had never asked defendant to pay for the hay even once between October 15, 1948, and August, 1949, when he evicted him from the farm.

At the conclusion of the plaintiff's case, the trial court granted a nonsuit as to the first cause of action, ruling that plaintiff's evidence wholly failed to prove any conversion of the hay. Furthermore, deeming the complaint amended to conform to the proof, the court also held that it could not find that there was any offer by plaintiff to sell, nor any agreement by defendant to buy the hay, nor could the court find any implied contract obligating defendant to purchase the hay fed by him to plaintiff's stock.

From the judgment of dismissal as to the first cause of action entered after the motion for a nonsuit was granted, plaintiff appeals. Defendant has not filed any appearance in this court.

In his brief, appellant says:

"The trial court in granting the non-suit in effect stated that there was no evidence or reasonable inference from evidence, after weighing the evidence in light most favorable to the appellant, which establishes a cause of action against the respondent."

■ Appellant is in error as to the rule to be applied by this court in an appeal from a judgment of dismissal entered after a motion for an involuntary nonsuit has been granted or a challenge to the sufficiency of the evidence has been sustained in a *nonjury* trial. In a case tried to a *jury*, the test is whether there is any evidence or reasonable inference from evidence which will sustain plaintiff's case. But *in a case tried to the court*, the test applied in jury cases may or may not apply.

■ The trial court has the right to *weigh* plaintiff's evidence on a motion for a nonsuit in a nonjury case (which

the court cannot do in a jury case). This has been the rule in this state since *Lambuth v. Stetson & Post Mill Co.,* 14 Wash. 187, 44 Pac. 148.

In determining whether the trial court has weighed the evidence or has treated plaintiff's evidence as true, and has given him the benefit of the most favorable inferences to be drawn therefrom, this court looks first to the trial court's oral or memorandum opinion. *O'Brien v. Schultz,* 45 Wn. (2d) 769, 278 P. (2d) 322, *Grichuhin v. Grichuhin,* 44 Wn. (2d) 914, 272 P. (2d) 141. If the trial court's opinion discloses that it treated plaintiff's evidence as true and held, *as a matter of law,* that plaintiff has not established a *prima facie* case, findings of fact are unnecessary. In such case, our review of the evidence is limited to determining whether there is sufficient evidence or reasonable inference from the evidence to establish a *prima facie* case for plaintiff. *O'Brien v. Schultz, supra; Grichuhin v. Grichuhin, supra; Arneman v. Arneman,* 43 Wn. (2d) 787, 264 P. (2d) 256.

However, if we determine from the oral or memorandum opinion (or from the findings of fact if there is no opinion) that the trial court has *weighed* the evidence and has found either (1) that the evidence in support of plaintiff's *prima facie* case is *not credible,* or (2) that plaintiff's *credible* evidence establishes facts which prevent him from recovering, we know that the trial court has decided *as a matter of fact* that plaintiff has not established a *prima facie* case, and findings of fact are necessary to apprise this court as to what facts the trial court found. *Rohda v. Boen,* 45 Wn. (2d) 553, 276 P. (2d) 586; *Lambuth v. Stetson & Post Mill Co., supra.* When the trial court has weighed the evidence and has apprised this court by findings of fact what evidence it found credible or what facts it found which would prevent plaintiff from recovering, this court will accept the findings as the facts in the case unless we determine that the evidence preponderates against the findings. *Rohda v. Boen, supra; O'Brien v. Schultz, supra.*

Turning now to the case at bar, we discover from the

trial court's oral opinion in passing on the motion for a nonsuit that the court disbelieved appellant's testimony that respondent had agreed to purchase the hay. Furthermore, the court was of the opinion that appellant's testimony affirmatively established facts which would prevent him from recovering on the theory that respondent had agreed to buy the hay.

Consequently, unless the evidence preponderates against them, we must accept as true these findings of fact:

" . . . For staying on the farm and taking care of plaintiff's horses and cattle, said defendant was to have the milk from the cows and was to feed the hay stored in the barn on the premises to plaintiff's said cattle and horses. . . . "

"That said defendant did not convert any part of said hay that was stored in the barn, nor was there any agreement, either express or implied, on the part of said defendant to pay plaintiff for the amount of said hay that was fed to plaintiff's said cattle and horses."

We have read appellant's testimony with care and cannot say that his evidence preponderates against either of the foregoing findings. On the contrary, appellant's failure to testify as to when the alleged agreement to purchase the hay was made or what was said at the time it was supposed to have been made, and his failure to ask for payment for the hay for almost a year, taken in connection with his statement that if respondent "had any brains at all" he should have known he was expected to pay for the hay, amply support the trial court's finding that no such agreement was made by the parties.

It is perfectly clear that there was no meeting of the minds between appellant and respondent, and hence no express contract of sale. Nor can we find any "implied contract" between them. Both express and implied contracts grow out of the intention of the contracting parties and in each case there must be a meeting of the minds before there can be a contract. *McKevitt v. Golden Age Breweries,* 14

Wn. (2d) 50, 126 P. (2d) 1077; *Troyer v. Fox,* 162 Wash. 537, 298 Pac. 733, 77 A.L.R. 1132.

The judgment of dismissal must be, and is, affirmed.

GRADY, C. J., SCHWELLENBACH, HILL, and WEAVER, JJ., concur.

