[No. 33954.   Department One.   April 25, 1957.]

B. J. LASSER, *Appellant*, v. GRUNBAUM BROS. FURNITURE COMPANY *et al., Respondents.*[1]

*J. Kalina* and *Michael S. Curtis*, for appellant.

*Monheimer, Schermer & Mifflin*, for respondents.

ROSELLINI, J.—This action for damages for breach of an alleged contract of employment for a year was first tried to a jury, which found that no definite term of employment had been agreed upon. On appeal (*Lasser v. Grunbaum Bros. Furniture Co.*, 46 Wn. (2d) 408, 281 P. (2d) 832 (1955)), we reversed the judgment of dismissal and remanded the cause for a new trial because of certain erroneous instructions given to the jury.

[1]Reported in 310 P. (2d) 259.

On the first appeal, the defendant, in support of the verdict, maintained that the plaintiff had not presented sufficient evidence to take his case to the jury. In answer to this contention, we said at p. 411:

"The relevant fact most strongly relied upon by the appellant [plaintiff] to establish that he was employed by the year is that three thousand dollars of the eighteen thousand dollars he was to receive was to be paid at the end of the year. A jury might well infer from such an arrangement that the purpose was to induce the employee to remain for the entire year, and to infer, further, that the parties intended the employment to be for that period [citing cases].

"We conclude that this circumstance was sufficient *to take the present case to the jury* on the issue of whether there was a contract of employment for a year." (Italics ours.)

On remand, the cause was retried to the court. After the plaintiff had testified in his behalf and part of the deposition of Berman Schoenfeld, the late president of the defendant company, who hired the plaintiff, was read into the record, the plaintiff rested and the defendant challenged the sufficiency of the evidence and moved for an involuntary nonsuit. The challenge was sustained, the motion granted, and the cause dismissed with prejudice.

The plaintiff assigns error to the sustaining of the challenge to the sufficiency of the evidence and to the granting of the defendant's motion for a nonsuit.

Plaintiff relies upon the above quoted language of this court from the opinion on his first appeal to support his position that he has made out a *prima facie* case; hence, the plaintiff contends that the trial court erred in sustaining the defendant's challenge to the sufficiency of the plaintiff's evidence.

▉ It should be noted that the case was tried in the first instance before a jury and in the second, it was tried to the court. In a case tried to a jury, the trial court cannot sustain a challenge to the sufficiency of the evidence or grant a motion for an involuntary nonsuit unless the court can say as a matter of law that there is no evidence or reasonable inference from the evidence which will sustain the plain-

tiff's case. But in a nonjury case, the trial court may apply the same test as in a jury case or it may weigh the plaintiff's evidence and if it finds that the evidence in support of the plaintiff's *prima facie* case is not credible, may hold that the plaintiff has failed to make out a *prima facie* case as a matter of fact. *Richards v. Kuppinger*, 46 Wn. (2d) 62, 278 P. (2d) 395 (1955).

In the instant case, the trial court's oral opinion and findings of fact disclose that the court found as a fact that the evidence in support of the plaintiff's *prima facie* case was not credible, since, as the court observed in its oral opinion, on several material matters the plaintiff had altered his testimony after the prior trial of this action and after his deposition was taken.

█ This court will not reverse a judgment of dismissal unless it is determined that the evidence preponderates against the findings of fact. *Rohda v. Boen*, 45 Wn. (2d) 553, 276 P. (2d) 586 (1954); *Richards v. Kuppinger, supra.*

█ Our holding on the first appeal, that the evidence was sufficient to go to the jury, was based solely upon the plaintiff's testimony that three thousand of his eighteen thousand dollar salary was to be paid at the end of the year. The trial court found that his testimony on this matter conflicted with his prior testimony and pleadings and refused to believe it. That being the case, we cannot say that the evidence preponderates against the trial court's findings.

The judgment is affirmed.

HILL, C. J., MALLERY, FINLEY, and OTT, JJ., concur.

June 12, 1957. Petition for rehearing denied.