[No. 34344.   Department One.   October 31, 1957.]

*In the Matter of the Estate of* LEE B. SIGLEA, *Deceased.* GRACE SIGLEA, *Appellant,* v. ELSIE SHECKLER, *Respondent.*[1]

*Hawkins & Loy,* for appellant.

*Elery A. Van Diest* and *Paul Clair Edmondson,* for respondent.

[1]Reported in 316 P. (2d) 1101.

PER CURIAM.—Lack of testamentary capacity because of chronic alcoholism was the sole ground urged by Grace Siglea in contesting the will of her deceased brother, Lee B. Siglea. This appeal by Grace Siglea involves only the court's factual determination that the testator had testamentary capacity.

The record establishes that the subscribing witnesses to the will testified that, at the time of the preparation and execution of the will, decedent had testamentary capacity, evidenced no alcoholic condition, and that, to their knowledge, he had never consumed intoxicants to excess. Several business associates corroborated the testimony of the subscribing witnesses with reference to the testator's testamentary capacity and his use of intoxicants.

Opposed to this testimony was that of neighbors who had seen the testator when he appeared to them to be intoxicated, and who believed he lacked testamentary capacity. A doctor, who had attended the decedent for the first time fifteen days after the execution of the will, testified that, in his opinion, the decedent lacked testamentary capacity, and that the nature of decedent's illness was such that he did not have testamentary capacity at the time of the execution of the will.

"One who contests a will has the burden of establishing its invalidity by evidence which is clear, cogent, and convincing." *In re Youngkin's Estate*, 48 Wn. (2d) 432, 434, 294 P. (2d) 426 (1956).

The trial court weighed the evidence and concluded that the appellant had not met this burden of proof. Our reading of the record convinces us that the evidence does not preponderate against the trial court's findings.

The judgment is affirmed.