[No. 35697. Department Two. March 9, 1961.]

HOLLIS M. DEAN, *Appellant*, v. NATIONAL BANK OF WASH-INGTON, *as Executor of the Estate of Frank J. Johnson, Deceased, Respondent.*[1]

[1]Reported in 360 P. (2d) 150.

*Leo Teats* and *Ralph Teats*, for appellant.

*William F. LeVeque*, for respondent.

HUNTER, J.—This is an appeal from a judgment of dismissal with prejudice entered upon the defendant's motion for a nonsuit at the conclusion of the plaintiff's case in an action tried to the court sitting without a jury.

The plaintiff, a former wife of Frank J. Johnson, deceased, brought this action against the decedent's executor, the National Bank of Washington, seeking judgment for her share of certain property allegedly acquired during their marriage and for an accounting of the proceeds and accumulations thereof. The action was brought upon the theory that, due to concealment by the decedent or mistake on the part of either or both the plaintiff and the decedent, certain community property had not been changed into their separate property by agreement or disposed of in the divorce action; therefore, the property and the increments thereof were owned by the plaintiff and the decedent as tenants in common until his death on August 22, 1958.

At the trial the plaintiff introduced the following evidence in support of her action. The plaintiff and the decedent married on April 11, 1926, at which time his separately owned assets were negligible. They opened a store at 754 Broadway Avenue in Tacoma in 1930, and another store

at 928 Pacific Avenue in Tacoma in 1931. The plaintiff worked in the Broadway Avenue store from the time it opened until they separated, and had authority to draw checks on the account of the store. In 1932, they separated, and the plaintiff filed an action for divorce in April, 1933. Pending the hearing in the divorce action, the decedent presented balance sheets to the plaintiff covering the Broadway Avenue and Pacific Avenue stores for the years 1931 and 1932, which the plaintiff contended led her to believe the stores were of no value. The plaintiff testified that, proceeding under this assumption that the stores were valueless, she joined with the decedent in a settlement of their property rights whereby she received eight hundred dollars, a used automobile, some furniture acquired with her separate funds, and he retained the business. No list of property was presented to the court for distribution, and the court made no distribution of property. The interlocutory decree of divorce was entered on September 5, 1933, and the final decree was entered on March 23, 1934.

In support of her contention that assets in the Broadway Avenue and Pacific Avenue stores and an interest in a store in Seattle existed at the time of the divorce, the plaintiff produced into evidence pleadings in a divorce action between the decedent and his second wife whom he married on June 30, 1934. In his reply in that action, the decedent alleged

" . . . prior to the marriage of the plaintiff and defendant, the plaintiff was the owner of the Johnson Paint & Wall Paper Store at 754 Broadway, and the Merit Paint Store at 10th and Pacific, and the Dahlem Paint Store in Seattle. That the value of said business, prior to the marriage of the plaintiff and defendant and which business was separate property of the plaintiff, was in excess of $25,000.00 . . . ."

which was found to be true by the trial court in that proceeding. Also in his reply in that action, the decedent admitted

" . . . the net income of the plaintiff during the two years of their married life was approximately $20,000.00 . . . ,"

and alleged that

" . . . his income was made possible by reason of his personal efforts and sacrifice in the years 1931, 1932 and 1933, and that the defendant had no part whatever nor assisted in any way in the making of said income, . . ."

In the interlocutory decree entered in the action on December 21, 1936, the court found,

"That plaintiff at the time of his intermarriage with defendant was and now is engaged in the paint and wallpaper business, having one retail store in the City of Seattle and two retail stores in the City of Tacoma; that these businesses and the proceeds thereof are the separate property of plaintiff, except for certain portions of income derived therefrom which is community property; that during the approximately two years these parties lived together, the net income of plaintiff was approxmately $21,000, such income being derived. from the business thus operated by plaintiff and his work in representing other wholesale paint and wallpaper establishments; . . ."

Finally, in the instant case, the plaintiff introduced expert testimony that the net income from the Broadway Avenue and the Pacific Avenue stores for the years 1934 and 1935 was $20,000.

During the cross-examination of the plaintiff, the defendant introduced into evidence the complaint, answer and interlocutory decree in the divorce action between the plaintiff herein and the decedent. It was alleged in the complaint, admitted in the answer and found to be true by the trial court in its findings of fact that

" . . . the property rights of the parties hereto have been settled."

Also on cross-examination, the plaintiff testified that in the divorce action between herself and the decedent, she had given testimony that all the property rights had been settled.

After the introduction of the above evidence, the plaintiff rested her case. Thereupon, the defendant moved for a dismissal on the grounds that the plaintiff failed to establish a *prima facie* case. The motion was granted and a judg-

ment of dismissal was entered, from which the plaintiff appeals.

■ It is clear from the findings of fact and the oral opinion that the trial court weighed the evidence and found the evidence and reasonable inferences therefrom did not support the appellant's case. Therefore, this being a non-jury case, the rule in an appeal from a judgment of dismissal upon a motion challenging the sufficiency of the plaintiff's evidence, that the evidence and all reasonable inferences therefrom will be considered most favorable to the plaintiff, does not apply. *Richards v. Kuppinger,* 46 Wn. (2d) 62, 278 P. (2d) 395 (1955). Thus, the question to be decided is this: Does the record support the trial court's finding that no assets were concealed from the appellant by the decedent at the time of the informal settlement of their property rights prior to the entry of the interlocutory decree of divorce in September, 1933?

■ The crucial evidence upon which the appellant had to rely in order to prevail in this action was the statement made by the decedent in his reply in the divorce action instituted by his second wife, as we have previously set forth: (1) Prior to his marriage in June, 1934, he owned two paint stores in Tacoma and one in Seattle, worth $25,-000, which produced a net income of about $20,000 during the years of 1934 and 1935; (2) This income was made possible by reason of his personal efforts and sacrifices in the years 1931, 1932 and 1933. From this evidence the appellant cannot claim concealment of any community assets reflected by the Tacoma stores since she testified their existence was known to her at the time of the settlement of their property rights prior to the divorce, and there is no evidence of any conduct by her deceased husband that would have prevented a full disclosure of their value by the exercise of reasonable diligence on her part. *Tsiakilos v. Manthou,* 137 Wash. 50, 241 Pac. 353 (1925). *Cf. Marion v. Grand Coulee Dam Hotel,* 35 Wn. (2d) 589, 214 P. (2d) 204 (1950); 23 Am. Jur. *Fraud and Deceit* § 144 (1939). In order to prevail, therefore, the appellant had the burden of establishing concealment of the Seattle paint store at the

time of the settlement of their property rights. To establish such a concealment, the appellant had to prove the Seattle store was acquired by the decedent prior to the entry of the interlocutory decree in September, 1933, since any property acquired after that date and before his subsequent marriage in June, 1934 would constitute his separate property. Cf. *California-Western States Life Ins. Co. v. Jarman*, 29 Wn. (2d) 98, 185 P. (2d) 494 (1947). There is no evidence which forecloses the possibility that the Seattle paint store was acquired during this period, and the trial court did not infer from the evidence and could not infer without indulging in speculation that it was acquired prior to the entry of the interlocutory decree. The appellant, therefore, failed to carry the burden of proving acquisition of the Seattle paint store prior to the entry of the interlocutory divorce decree in September, 1933, and fell short of proving the decedent concealed community assets from the appellant at the time of the settlement of their property rights.

However, the appellant contends that notwithstanding her failure to prove a concealment of assets by the decedent, the community property consisting of assets in the Tacoma paint stores did exist and these assets were not distributed by the decree in their divorce action; therefore, they were subsequently owned by them as tenants in common until the decedent's death on August 22, 1958. We need not consider this contention since the record discloses facts showing the appellant is now estopped from claiming any ownership in the assets of the Tacoma paint stores and increments therefrom.

In seeking equitable relief, the appellant became subject to equitable defenses. One such defense is known as equitable estoppel. The circumstances under which the doctrine of equitable estoppel is applicable was concisely stated in *Witzel v. Tena*, 48 Wn. (2d) 628, 295 P. (2d) 1115 (1956), as follows:

" . . . A party's conduct may, under certain circumstances, preclude him from asserting a vested right. The doctrine of equitable estoppel or estoppel *in pais* is applied where justice forbids that one speak the truth in his own

behalf. *Code v. London,* 27 Wn. (2d) 279, 178 P. (2d) 293 (1947). For the doctrine to be applicable, there must be (1) acts, statements, or admissions inconsistent with a claim subsequently asserted, (2) action or change of position on the part of the other party in reliance upon such acts, statements, or admissions, and (3) a resulting injustice to such other party, if the first party is allowed to contradict or repudiate his former acts, statements, or admissions. *Kessinger v. Anderson,* 31 Wn. (2d) 157, 196 P. (2d) 289 (1948)."

■ The appellant admitted that the decedent took the assets of the two paint stores in Tacoma pursuant to a settlement of their property rights, the effectiveness of which at law is not before us for determination. She thereafter permitted the decedent to rely on this agreement and to treat the property as if he were the sole owner. His affidavit, prepared in 1936 pursuant to the divorce action between the decedent and his second wife and introduced into evidence in the instant case by the appellant, discloses that he changed his position materially through the years by changing store locations and putting substantial sums of money into the business while treating it as his own property. Moreover, the appellant in her complaint showed the decedent's estate was appraised at about $435,000, most of which she claimed was traceable to the community property allegedly not distributed by the divorce decree. It would be a grievous inequity to the decedent and his successors to permit the appellant to repudiate her acts of almost twenty-seven years past and to claim now that the assets in the Tacoma paint stores and all the increments thereof were owned by them as tenants in common. The doctrine of equitable estoppel therefore applies.

The trial court's judgment dismissing the appellant's action with prejudice is affirmed.

HILL, DONWORTH, WEAVER, and OTT, JJ., concur.