[No. 35967.   Department One.   January 18, 1962.]

VIRGIL TUENGEL et al., Appellants, v. ARTHUR STOBBS et al.,
Respondents.*

Thor P. Ulvestad, for appellants.

Wesley K. Duce, for respondents.

PER CURIAM.—This is an action to recover damages caused by flooding of the plaintiffs' property. It was caused by two breaks in the dike which held back the flood waters of the Pilchuck River. The breaks were at points adjacent to operations by the defendants who were engaged in dredging gravel from the river bed and stock-piling it in the river.

The action was based on the theory of res ipsa loquitur. At the conclusion of the plaintiffs' case, the trial court found that there was no evidence which would justify a factual conclusion, as to the cause of the break in the dike, and dismissed the action.

The appeal is based on an erroneous conception of how far res ipsa loquitur will carry a plaintiff's case. We have repeatedly said that res ipsa loquitur raises only a permissible inference of negligence which will carry a case to the jury. The jury may, but does not have to draw an inference of negligence. Since the jury may have drawn

*Reported in 367 P. (2d) 1008.

such an inference, it takes the plaintiffs' case past a nonsuit and to the jury. *Chase v. Beard* (1959), 55 Wn. (2d) 58, 346 P. (2d) 315; *Hufford v. Cicovich* (1955), 47 Wn. (2d) 905, 290 P. (2d) 709; *Nopson v. Wockner* (1952), 40 Wn. (2d) 645, 245 P. (2d) 1022. However, when the case is tried to the court, the trier of the facts is in a position to say, at the conclusion of the plaintiffs' case, that it does or does not, draw an inference of negligence. If at that time, the trial court, as the trier of the facts, is unable to find negligence, which was a proximate cause of the injuries sustained, the plaintiffs' case should be dismissed.

The trial judge correctly analyzed the situation when he said:

" . . . This, in effect, I would assume, would have the Court say that the doctrine of res ipsa loquitur applied in this case. If this were a jury case, perhaps the Court might give some consideration to that theory. However, this being a non-jury case, if the Court can say after the completion of plaintiffs' evidence that it would not . . . render a verdict for plaintiffs, even though such evidence were uncontroverted, then the Court may dismiss at the end of plaintiffs' case."

Assuming that this was a *res ipsa loquitur* case, it carried the plaintiffs as far as they were entitled to go. The judgment is affirmed.