[No. 35939.   Department Two.   November 1, 1962.]

MAYFLOWER AIR-CONDITIONERS, INC., *Respondent,* v. WEST COAST HEATING SUPPLY, INC., *Appellant.**

*Reported in 375 P. (2d) 495.

*Riddell, Williams, Voorhees, Ivie & Bullitt,* for appellant.

*Wettrick, Flood, O'Brien, Toulouse & Lirhus,* by *George J. Toulouse, Jr.* and *Ralph C. Hove,* for respondent.

HAMILTON, J.—This is an appeal from findings of fact, conclusions of law, and judgment, entered at the conclusion of the cross-complainant's case, dismissing the cross-complaint seeking damages for breach of contract.

Respondent and cross-defendant, Mayflower Air-Conditioners, Inc., hereinafter referred to as Mayflower, manufactures warm-air furnaces. Appellant and cross-complainant, West Coast Heating Supply, Inc., hereinafter referred to as West Coast, at the times concerned, was engaged in the wholesale distribution of warm-air furnaces and their components. From 1947 until April 9, 1957, West Coast distributed Mayflower furnaces pursuant to an exclusive distributorship contract, providing, *inter alia,* that Mayflower would not ". . . sell or offer for sale any warm air heating equipment under the Mayflower nameplate in any of the states mentioned . . . to any customer or outlet . . . without prior notification to and consultation with . . ." West Coast. On April 9, 1957, Mayflower terminated the distributorship agreement without prior notice.

On a previous appeal in this case, from a pre-trial dismissal of West Coast's cross-complaint, we held, under the terms of the agreement aforementioned, that, while the agreement was terminable at will, reasonable notice of such termination was required. *Mayflower Air-Conditioners v. West Coast Heating Supply,* 54 Wn. (2d) 211, 339 P. (2d) 89. We then remanded the case for trial.

Upon conclusion of West Coast's evidence, the trial court, sitting without a jury, weighed the evidence, sustained Mayflower's challenge thereto, and entered its findings of fact, conclusions of law, and judgment of dismissal.

Procedurally, this is in accord with the rule as set out in *Richards v. Kuppinger,* 46 Wn. (2d) 62, 64, 278 P. (2d) 395:

"The trial court has the right to *weigh* plaintiff's evidence on a motion for a nonsuit in a nonjury case (which the court cannot do in a jury case). This has been the rule in this state since *Lambuth v. Stetson & Post Mill Co.,* 14 Wash. 187, 44 Pac. 148.

" . . .

" . . . When the trial court has weighed the evidence and has apprised this court by findings of fact what evidence it found credible or what facts it found which would prevent plaintiff from recovering, this court will accept the findings as the facts in the case . . ."

The trial court, in essence, found and concluded: (a) The distributorship contract was terminable at the will of Mayflower upon reasonable notice; (b) Mayflower terminated the contract without notice; (c) under the circumstances prevailing between the parties, a period of three weeks would constitute reasonable notice; and (d) West Coast suffered no compensable damages as a result of the peremptory termination.

West Coast's 22 assignments of error directed to the trial court's findings, conclusions, and judgment perforce revolve around the issues of notice, damages, and admissibility of evidence.

With an eye to West Coast's assignments and to the trial court's challenged and unchallenged findings of facts, as such relate to the issues of notice and damages, a careful reading of the record satisfies us that the evidence supports the essential findings of fact, and that, in turn, such findings support the conclusions of law and judgment.

From the trial court's oral decision it appears that the evidentially supported circumstances motivating its findings upon the interwoven issues of notice and damages consist of: (a) The terminability of the distributorship contract upon notice only, and the potential of some damage inherent in such a contract; (b) West Coast's direct financial affiliation with a furnace manufacturing company in Portland, coupled with the movement of some of West Coast's Seattle facilities to Portland; (c) Mayflower's previously expressed concern about such actions; (d) West Coast's procurement of a carload of Mayflower furnaces immediately following

the termination of April 9th, from which its outstanding firm orders were filled; and (e) the subsequent transfer by West Coast, albeit at a discount, of all of its remaining inventory to its furnace manufacturing affiliate.

There is, of course, evidence in the record revealing other circumstances, which might motivate another trial court, or even ourselves, to different results. However, where, as here, the findings entered are supported by substantial evidence, we cannot, on appeal, substitute our findings for those of the trial court. *Thorndike v. Hesperian Orchards, Inc.,* 54 Wn. (2d) 570, 343 P. (2d) 183; *Stringfellow v. Stringfellow,* 56 Wn. (2d) 957, 350 P. (2d) 1003, 353 P. (2d) 671; *Timm v. Hart,* 59 Wn. (2d) 538, 368 P. (2d) 715.

West Coast assigns error to the admission and exclusion of certain evidence. Its contention, in this regard, is that during its case in chief the trial court prejudicially admitted, and considered, evidence, elicited on cross-examination, bearing upon Mayflower's various affirmative defenses, and excluded certain evidence proffered by West Coast as anticipatory of such defenses.

The issues involving termination of the contract in question, the length of notice required, and damages, required West Coast to introduce evidence going to the relationship of the parties during the course of the contract, and the circumstances surrounding and following termination. The introduction of this evidence necessarily carried with it the right of cross-examination by Mayflower, and the exercise of discretion on the part of the trial court in the control thereof.

Our examination of the pleadings and review of the record satisfies us that the trial court did not abuse its discretion in the admission or exclusion of the evidence pointed to by West Coast.

The judgment is affirmed.

FINLEY, C. J., DONWORTH, OTT, and HUNTER, JJ., concur.