[No. 36337. Department One. May 16, 1963.]

TOTEM EQUIPMENT COMPANY, INC., *Respondent*, v. CRITCHFIELD LOGGING COMPANY, INC., *Appellant.**

---

* Reported in 381 P. (2d) 738.

Per Curiam.—This is another factual appeal. The sole issue is whether there is substantial evidence to support the findings of the trial court.

Totem Equipment Company, Inc. (hereinafter referred to as Totem) brought an action on an open account against Critchfield Logging Company, Inc. (hereinafter referred to as Critchfield) for $4,416.83 as the agreed and reasonable value of work, labor, and parts supplied.

Critchfield claimed that one invoice for $2,874.94 represented work done to repair damage to winch motors and gear boxes caused by the negligence or breach of warranty of Totem in supplying an improperly wired electric motor for use on a logging arch. Critchfield also counterclaimed for $2,400 for the loss of the use of the logging arch for 15 working days at $160 per day $2,400). Subtracting the conceded liability of $1,541.85,[1] the judgment asked by Critchfield was $858.15.

Critchfield, to substantiate its claim of breach of warranty or negligence, relies upon testimony concerning a telephone conversation between its agent and Totem's agent, which Critchfield interprets as an express warranty that the motor, which Totem was furnishing to replace one which had burned out, was to be wired by Totem to turn in rotation with another motor then on the logging arch. (Two winch motors were required on the logging arch.) It was Critchfield's contention that the items in the invoice for $2,874.94 represented the damages occasioned by the failure to so wire the replacement motor.

The trial court, after weighing the evidence, rejected Critchfield's contention that the replacement motor furnished by Totem was wired in the wrong rotation and found that it was "a proper replacement motor for the motor replaced on said logging arch."

---

[1]Total of conceded invoices was actually $1,541.89.

Some amplification of the trial court's views are found in the following statement made in ruling on the motion to dismiss the counterclaim.

"We have to have more evidence here. Unless the defendant can show there was a contract or expressed warranty by the plaintiff to the defendant when this motor was in place and just hooked up, period, that it would operate the same as the old motor. I don't think we can assume all these other missing links. Mr. Inslee pointed out a distinction which is very vital in this case, the fault was not in the product itself, it was in the service. It seems the complaint here is being made it was not properly hooked up or attached, rather than the wiring itself, because when the wiring was changed it did function. This Court can't assume a lot of things because you are talking about a contract here, and contracts have to be interpreted and construed as they were made. In view of the fact that there isn't any evidence here that defendant bought this particular piece of property on any guarantee or expressed warranty, he called up and said he needed a new motor and the plaintiff told him he could get him a later type motor and Mr. Meredith, agent for the defendant, told the plaintiff's parts manager he wanted a motor to turn in the same direction as the other motor. Well, it did turn in the same direction after the wiring was changed so it is doing the job it was intended to do. There has to be more proof than was presented to this Court for this Court to find any breach of warranty or implied warranty. . . ."

It is apparent from the foregoing that the trial court was convinced that the motor furnished by Totem was properly wired for the purpose intended; that the fault was in the connecting of the wires on the motor with the wires on the arch in the process of installation (which was done by Critchfield's employee); and that when the wires on the motor were properly attached to the wires on the arch, the motor would do the work for which it was intended. The trial court was not satisfied that any warranty was made; but was convinced that if any warranty was made with reference to the wiring of the motor for the purpose intended, there was no breach of warranty.

With the dismissal of Critchfield's counterclaim, there was no defense to Totem's claim on the open account.

From the judgment for Totem, Critchfield appeals.

Critchfield urges that it had established a prima facie case of breach of warranty and negligence at the close of its case, in support of its counterclaim, and the counterclaim should not have been dismissed at that time. If the trial judge had granted a dismissal of the counterclaim, in a jury case, and a prima facie case had been established, we would reverse and send the case back for a retrial on the issues raised by the counterclaim. However, a prima facie case means little or nothing in a case tried to the court where it is clear, as it is here, that the trial court has weighed the evidence and found that the counterclaim was not established and that the motor in controversy "was a proper replacement motor for the motor replaced on said logging arch." This finding, we are satisfied, is supported by substantial evidence.

The right of the trial court to weigh the testimony in a nonjury case on a motion for a nonsuit, or to dismiss a cross-complaint or counterclaim is well established. *Mayflower Air-Conditioners, Inc. v. West Coast Heating Supply* (1962), 60 Wn. (2d) 766, 375 P. (2d) 495; *Richards v. Kuppinger* (1955), 46 Wn. (2d) 62, 65, 278 P. (2d) 395, 397.

A brief per curiam, as in *Delegan v. White* (1962), 59 Wn. (2d) 510, 368 P. (2d) 682, and *Tuengel v. Stobbs* (1962), 59 Wn. (2d) 477, 367 P. (2d) 1008, is sufficient to make clear the heavy burden which an appellant carries on a factual appeal when the trial court has not been convinced by its evidence and there is substantial evidence to support the findings it has made.

In *Delegan*, we quoted the now familiar words of *Thorndike v. Hesperian Orchards, Inc.* (1959), 54 Wn. (2d) 570, 575, 343 P. (2d) 183, 186:

". . . If we were of the opinion that the trial court should have resolved the factual dispute the other way, the constitution does not authorize this court to substitute its findings for that of the trial court. . . ."

We affirm the trial court's dismissal of the counterclaim and the judgment in favor of Totem.