[No. 37315.   Department Two.   May 6, 1965.]

*In the Matter of the Estate of* CASPER HANSEN, *Deceased.*

DAVID SEVERSON *et al., Appellants,* v. FRANCES B. OBERG, *Respondent.**

*Reported in 401 P.2d 866.

*Joseph D. Holmes*, for appellants.

*Earl A. Phillips*, for respondent.

HAMILTON, J.—On August 29, 1962, Casper Hansen, a widower, died at the age of 82 years. He left no child or children surviving. On April 30, 1962, two days after his wife's death, he made a will leaving all of his property to Robert B. Erickson, who he denominated as the son of a deceased stepdaughter. On July 2, 1962, Mr. Hansen executed another will revoking all previous wills and leaving his property to a neighbor lady, who had been engaged by Robert Erickson's father on July 1, 1962, to keep house and care for Mr. Hansen pending his moving into a nursing home. The will of July 2, 1962, was duly admitted to probate on September 6, 1962.

Appellants, nephews of Mr. Hansen, instituted this action contesting the validity of the will admitted to probate.[1] They alleged Mr. Hansen lacked testamentary capacity and had been unduly influenced to execute the contested will. The executrix and beneficiary of the estate, the neighbor lady, denied appellants' allegations and the matter came on for trial before the court sitting without a jury.

At the conclusion of appellants' evidence, the trial judge sustained a challenge to the sufficiency thereof and entered findings of fact, conclusions of law, and decree dismissing the action and affirming the will of July 2, 1962. This appeal followed.

---

[1] Any question which might exist or bear upon the extent of the pecuniary interest which would qualify appellants as authorized contestants of the will has not been raised either in the trial court or in this court. RCW 11.24.010. *In re O'Brien's Estate*, 13 Wn.2d 581, 126 P.2d 47 (1942).

In his oral decision, sustaining the challenge, the trial judge said, *inter alia*:

The law is that a will proven by the requisite number of witnesses is prima facie valid.

The party contesting a will must carry the burden of establishing invalidity of the will be producing clear, cogent and convincing evidence that undue influence or fraud existed, or testamentary capacity was lacking at the time of the execution of the will. Merely suspicious circumstances are not sufficient to nullify a will.

. . .

We are not here to test whether he did something foolish or not. We are here to test whether he wanted to do it and knew what he wanted to do.

I cannot find any evidence that I can call clear, cogent and convincing, that what he did on that date at that hour was not what he wanted to do and knowing what he was doing. . . .

. . . .

Findings of Fact and Conclusions of Law and Decree can be entered in accordance with these remarks.

Thereafter, the trial judge entered the following findings of fact, upon which he predicated his conclusion that appellants had failed to sustain their burden of proof:

That the Last Will and Testament of Casper Hansen dated July 2, 1962, in duly executed form, was regularly admitted to probate by this court on September 6, 1962; that said Will was duly executed and is rational on its face. Finding of Fact No. 2.

That the petitioners had ten witnesses sworn, from whom petitioners adduced their testimony; that viewing witnesses' testimony and reasonable inferences therefrom in the light most favorable to petitioners, the evidence showed that the decedent did have sufficient mind and memory to understand the execution of his said Will and comprehension of the general nature and extent of the property constituting his estate and to recollect the natural objects of his bounty.

That the petitioners' evidence and reasonable inferences therefrom viewed most favorably to the petitioners, failed to show undue influence or coercion that might have overborne the mind of the testator or subordinated

testator's freedom of action to make his said Will. Finding of Fact No. 5.

Based upon these findings and the attendant conclusion of law, the decree of dismissal recites, *inter alia*:

[T]he court having heard and considered said sworn testimony and the admitted exhibits, . . . and the court having made its findings of fact, conclusions of law and having rendered its oral decision in favor of the said executrix and against the petitioners, now therefore it is hereby

ORDERED, ADJUDGED AND DECREED, that the petition of Roy L. Severson, David Severson and Lloyd Severson to contest and invalidate the Will of Casper Hansen, Deceased, and to revoke the probate thereof, be and the same is hereby denied and dismissed with prejudice, . . . and the probate ordered herein on September 6, 1962, of said decedent's will of July 2, 1962, is in every respect affirmed and approved and said Will of July 2, 1962, is declared to be the Last Will and Testament of Casper Hansen, deceased, duly executed, while decedent was fully competent to make same, in the form and manner required by law, and at that time Casper Hansen was not acting under fraud, duress, coercion or the undue influence of any person or persons.

Appellants have assigned error to finding of fact No. 5, the concommitant conclusion of law and to the decree.

The rule applicable to this appeal is set forth in *In re Youngkin's Estate*, 48 Wn.2d 432, 434, 294 P.2d 426 (1956), as follows:

When a trial court, in a nonjury case, sustains a motion challenging the sufficiency of the evidence, it must have either (1) weighed the evidence and determined that a *prima facie* cause of action had not been proved (in which event, findings of fact are necessary), or (2), without weighing the evidence, it must have determined that the evidence failed to establish a cause of action as a matter of law (in which event, no findings of fact are necessary, and the evidence and all reasonable inferences therefrom must have been considered in the light most favorable to the plaintiff). *O'Brien v. Schultz*, 45 Wn. (2d) 769, 278 P. (2d) 322 (1954).

The court did not dismiss this case as a matter of law. It weighed the evidence and concluded that the facts

which it believed to be true did not prove a cause of action. When the trial court weighs the evidence and makes findings, we will accept the findings as verities unless we determine, from the record, that the evidence preponderates against them. *Richards v. Kuppinger,* 46 Wn. (2d) 62, 278 P. (2d) 395 (1955).

As in *In re Youngkin's Estate, supra,* we are satisfied from our review of the trial judge's oral decision, his findings of fact, conclusions of law and decree that, despite language in the findings which might indicate the contrary, the trial judge did in fact weigh the evidence produced by appellants and determine that such evidence did not prove a cause of action. Thus, we accept the pertinent findings of fact as verities, unless they be without substantial support in the evidence or the evidence preponderates against them.

With the foregoing principle in mind, we have carefully reviewed the evidence presented by appellants in the light of the rules relative to will contests upon the grounds of testamentary incapacity and undue influence. For a concise and complete collection of the pertinent rules, see *Dean v. Jordan,* 194 Wash. 661, 79 P.2d 331 (1938). Repeating them here would serve no useful purpose.

Appellants did not testify or otherwise reveal their acquaintanceship, association or affiliation with Mr. Hansen, thus there is no evidence in the record that decedent even knew them or had any reason to consider them as likely objects of his bounty. Likewise, appellants did not present in anywise the testimony of the beneficiary of the will of April 30, 1962, or of his father, who had been the business confidant and advisor of Mr. Hansen until he proposed that Mr. Hansen enter a nursing home and secured the interim housekeeping services of the neighbor lady. Thus, again, the record does no more than hint at the cause of disagreement or disenchantment, if any, between Mr. Hansen and his former benefactor or beneficiary.

The witnesses called by appellants consisted mainly of friends, neighbors, and business acquaintances who had on various occasions talked with and observed Mr. Hansen

between the date of his wife's death on April 28, 1962, and his death on August 29, 1962. The gist of their testimony was that Mr. Hansen, who was ordinarily of a gruff nature, appeared to be greatly depressed by the death of his wife and thereafter lost interest in his former friends and in his surroundings. They pointed to instances of memory lapses, expressions of distrust of the housekeeper, and confusion relative to some business transactions. From these they opined that Mr. Hansen had prior to July 2, 1962, become senile and testamentarily incompetent. At the same time, however, appellants' evidence revealed that Mr. Hansen had, in fact, executed before witnesses the wills of April 30 and July 2, 1962; had successfully served as executor of his wife's estate between April 28 and June 26, 1962; had, in May, 1962, deposited for collection an outstanding real-estate contract with a savings and loan agency and, with the assistance of Mr. Erickson, Sr., and at the direction of the manager of the agency, executed a replacement deed in connection with the contract; had made deposits in and withdrawals from his savings account; and had appeared in court on June 26, 1962, with the attorney for the estate, in connection with his petition for an award in lieu of homestead from his wife's estate.

Against the background of the evidence as presented to the trial court, we cannot find that such evidence preponderates against the pertinent finding of testamentary capacity, or that such a finding is without substantial evidentiary support.

■ The fact that one is aged, eccentric, and occasionally forgetful or confused does not render such person incompetent to make a will. *In re Larsen's Estate*, 191 Wash. 257, 71 P.2d 47 (1937).

We turn then to the question of undue influence. In this respect, appellants' evidence indicates that the Ericksons had proposed to Mr. Hansen that he leave his home and enter a nursing home. Seemingly, Mr. Hansen agreed with the suggestion, however, at the last minute he balked, whereupon the Ericksons, on June 30, 1962, secured the services of the neighbor lady as a housekeeper pending

their proposed move of Mr. Hansen to nursing facilities. On July 1, 1962, the neighbor lady undertook performance of her duties, and on that date Mr. Hansen informed the Ericksons he no longer desired their assistance. On July 2, 1962, Mr. Hansen executed the will in question, by which he revoked his will of April 30, 1962, in which he had devised and bequeathed his property to Robert B. Erickson.

The statement of facts is devoid of any word of evidence as to the terms of employment of the housekeeper, how well she was known to the Ericksons or to Mr. Hansen, how and in what manner she exercised or exerted any influence over Mr. Hansen on July 1 and 2 or at any time prior thereto, and where, when, and who (other than the witnesses to the will) was present at the time the will in question was discussed, drafted and executed. The only circumstances revealed by the record, upon which appellants rely as indicating undue influence, consist essentially of the fact that Mr. Hansen substituted the housekeeper as his beneficiary; that he, and other witnesses testifying, subsequently expressed some question as to the housekeeper's motives; that he appeared on occasions to be confused; and that he ignored or forgot former friends.

These circumstances, however, at best, give rise to no more than a mere suspicion of undue influence on the part of the housekeeper. They are as consistent with a theory that the will in question was the spontaneous, voluntary, and possibly spiteful act of Mr. Hansen, as with appellants' theory that the housekeeper exerted such an influence over Mr. Hansen, on July 1 and 2, 1962, as to overcome his freedom of choice and judgment.

Mere suspicion, even when accompanied by opportunity and motive, is insufficient to raise a substantial inference of undue influence. *In re Patterson's Estate*, 68 Wash. 377, 123 Pac. 515 (1912); *In re Bradley's Estate*, 187 Wash. 221, 59 P.2d 1129 (1936). Neither will mere suspicion, unaccompanied by evidentially supported implicating circumstances, give rise to a presumption of undue influence sufficient in strength to require rebuttal evidence.

The trial court did not err in finding the evidence insufficient to support a finding of undue influence.

The judgment of dismissal is affirmed.

ROSELLINI, C. J., FINLEY, WEAVER, and OTT, JJ., concur.