[No. 37780.   Department Two.   October 27, 1966.]

N. FIORITO COMPANY, *Appellant*, v. THE STATE OF WASH-INGTON, *Respondent.**

*Short, Cressman & Cable, Paul R. Cressman*, and *William L. Hintze*, for appellant.

*Reported in 419 P.2d 586.

*The Attorney General* and *John J. Champagne, Assistant,* for respondent.

HAMILTON, J.—Appellant (plaintiff) a heavy construction contractor, commenced this action against respondent, the State of Washington, seeking to recover added expenses and penalties incurred due to delay in completion of a highway construction contract. Trial was had before the court sitting without a jury. At the conclusion of appellant's case, the trial court granted respondent's motion for an involuntary nonsuit, and thereafter entered findings of fact, conclusions of law, and judgment dismissing appellant's action. This appeal followed.

The crucial and decisive issue in this case is factual. Appellant alleged and contends that the delay in completing the contract in question was occasioned by respondent's failure to promptly evolve a remedy for a slide condition occurring on and during the highway construction project. Respondent, on the other hand, asserts the delay was caused by appellant's failure to diligently prosecute the work. The trial court, in ruling upon respondent's motion, weighed and evaluated the testimony and exhibits adduced during appellant's presentation and resolved the factual issue adversely to appellant, stating in the course of and at the conclusion of an oral decision:

The record establishes that the slide was a mere incident in the performance of this contract and it was not the cause of the delay except in a very minor degree and that the real cause of the failure to perform within the time limit was: lack of effort; lack of attention; lack of sufficient personnel or equipment or both on the job.

. . . . . Upon the whole record we find as a fact, that the slide was only an incident encountered in the construction work and that it was in no sense the cause of the contractor, Plaintiff, failing to complete the job until June 22, 1961, as indicated in the complaint.

Thereafter, the trial court entered findings of fact embracing all essential facts, including the following:

That on or about July 29, 1959, a slide occurred between

stations 19 and 24, which slide occurred through no fault of any of the parties hereto. That on or about August 1, 1959, the defendant, State of Washington, changed the grade on the highway to be constructed under said contract at the point of said slide. That as a result of said grade change, substantially less material had to be removed by the plaintiff contractor. That at sometime between July 29, 1959, and August 18, 1959, the defendant, State of Washington, provided the plaintiff contractor with a method of slide removal, and that during said period substantially all of the plaintiff personnel and equipment were working at full capacity. Finding of Fact No. 7.

That at the time that the slide occurred on July 29, 1959, the plaintiff contractor was substantially behind in his progress under said contract and that said slide created only a minimum disturbance in the contract progress schedule. Finding of Fact No. 9.

Upon appeal, appellant assigns error to the foregoing findings and the granting of nonsuit. With respect to its assignments of error, appellant cites *Shulkin v. Zappone,* 63 Wn.2d 201, 386 P.2d 133 (1963), and argues that the trial court (a) failed to consider the evidence in the light most favorable to it, (b) misconstrued pertinent evidence, and (c) made findings which are not supported by substantial evidence.

At the outset, it will be helpful to an understanding of our disposition of the appeal to once again set forth and clarify the functioning of the trial court, in a nonjury trial, in passing upon and granting a motion directed to the sufficiency of the evidence at the conclusion of a plaintiff's case. As we stated in *O'Brien v. Schultz,* 45 Wn.2d 769, 278 P.2d 322 (1954), such a motion under appropriate circumstances may be granted for two very distinct and different reasons.

One, the trial court may *weigh* the evidence properly adduced in the course and in support of plaintiff's case, and make *a factual determination* that plaintiff has failed to establish a prima facie case by credible evidence, or that the credible evidence establishes facts which preclude plaintiff's recovery. In so weighing the evidence, the trial

court, as the trier of the facts, is not required to accept all of plaintiff's evidence as true or accord to plaintiff the most favorable inferences that may be drawn from the evidence. On the contrary, in reaching its decision as to the viability of plaintiff's case, the trial court necessarily must appraise the credibility of the testimony and the force of any exhibits, and may believe or disbelieve plaintiff's evidence, resolve testimonial conflicts, evaluate circumstantial evidence, draw reasonable and allowable inferences, and otherwise appropriately determine, as a trier of the facts, the facts revealed and sustainable by the evidence then before the court. If the trial court adopts this approach and makes apposite findings setting forth the pertinent facts as it found them to be, this court, on appeal, will accept such findings of fact as verities, unless a review of the evidence demonstrates them to be without substantial evidentiary support. And, if, in turn, the relevant and sustainable findings support the judgment of dismissal, this court will not disturb the judgment, for we cannot substitute our findings for those of the trial court. Expressions and various applications of this approach may be found in *Richards v. Kuppinger,* 46 Wn.2d 62, 278 P.2d 395 (1955); *In re Youngkin's Estate,* 48 Wn.2d 432, 294 P.2d 426 (1956); *Lasser v. Grunbaum Bros. Furniture Co.,* 50 Wn.2d 191, 310 P.2d 259 (1957); *Hodges v. Gronvold,* 54 Wn.2d 478, 341 P.2d 857 (1959); *Dean v. National Bank of Washington,* 57 Wn.2d 822, 360 P.2d 150 (1961); *Mayflower Air-Conditioners, Inc. v. West Coast Heating Supply, Inc.,* 60 Wn.2d 766, 375 P.2d 495 (1962); *Totem Equip. Co. v. Critchfield Logging Co.,* 62 Wn.2d 175, 381 P.2d 738 (1963); *In re Hansen's Estate,* 66 Wn.2d 166, 401 P.2d 866 (1965); *Jacobs v. Brock,* 66 Wn.2d 878, 406 P.2d 17 (1965); *Cowitz v. Miller,* 68 Wn.2d 637, 414 P.2d 795 (1966).

Two, the trial court may believe or accept as true all of plaintiff's evidence, accord to plaintiff the most favorable inferences to be drawn therefrom and determine, *as a matter of law,* that plaintiff has failed to establish a prima facie case. In adopting this approach, the trial court does not make factual determinations or evaluate the credibility

of plaintiff's evidence, except as may be incidentally necessary to favorably resolve conflicts appearing therein. Instead, the trial court adopts as factually true all evidence and permissible inferences favorable to plaintiff's case, and draws a *legal conclusion* that under applicable law the evidence, when so viewed, fails to establish a prima facie case. No findings of fact are necessary or required, for on appeal this court likewise looks upon plaintiff's evidence in its most favorable light and determines only whether the trial court correctly applied the law in sustaining the challenge to the sufficiency of the evidence. Statements concerning and assorted applications of this approach may be found in *O'Brien v. Schultz, supra; Robertson v. Club Ephrata,* 48 Wn.2d 285, 293 P.2d 752 (1956); *Meuller v. Seefried,* 54 Wn.2d 792, 345 P.2d 389 (1959); *Mattieligh v. Poe,* 57 Wn.2d 203, 356 P.2d 328 (1960); *Schmidt v. Pioneer United Dairies,* 60 Wn.2d 271, 373 P.2d 764 (1962); and *Shulkin v. Zappone, supra.*

If findings of fact are entered, and if, for any reason, it cannot readily be determined therefrom which approach the trial court adopted in ruling upon the motion before it, we look to the trial court's oral or memorandum decision for guidance. *Richards v. Kuppinger, supra; In re Hansen's Estate, supra.*

In the instant case, it is apparent from the oral decision and from the findings, conclusions, and judgment of the trial court that, in passing upon respondent's motion for nonsuit, it pursued the first approach above mentioned, weighed the evidence adduced, and determined that the credible evidence established facts which precluded a recovery of appellant's claim. Our review, therefore, is limited to ascertaining whether the essential facts found by the trial court are supported by substantial evidence, and, if so, whether such facts support the judgment of dismissal.

As heretofore indicated, the decisive factual question involved in this case is whether appellant's failure to timely complete the highway construction contract in question was occasioned by lack of diligence on the part of appellant or respondent. If the delay was in fact caused by appellant's

tardiness in prosecuting the work, recovery is precluded and the trial court properly granted respondent's motion. If, on the other hand, the delay was attributable to respondent's fault, then the trial court erred in its disposition of the motion.

Whatever else might be said about peripheral statements contained in the challenged findings of fact, it is undeniable that the vital core of the trial court's overall findings is that the default in question was caused by appellant's inertia in promptly prosecuting the work as required by the contract. Although the evidence before the trial court bearing upon this dispositive issue is susceptible of more than one interpretation, suffice it to say, without detailing the testimony and documentary evidence, our review of the record convinces us there is substantial credible evidence to support the trial court's evaluation and determination.

The judgment is affirmed.

ROSELLINI, C. J., DONWORTH and WEAVER, JJ., and REVELLE, J. Pro Tem., concur.