[No. 37812.   Department Two.   May 26, 1966.]

SELVESTER J. COWITZ, *Appellant*, v. DEL MONTE MILLER, *Respondent.**

*Nicholas A. Maffeo,* for appellant.

PER CURIAM.—Plaintiff appeals from a judgment dismissing with prejudice his claim for damages. Defendant-respondent did not file a brief in this court.

The case was tried to the court. At the close of plaintiff's evidence a challenge to its sufficiency was sustained. The judge announced in his oral opinion that he was weighing the evidence, hence it would be necessary to enter findings of fact and conclusions of law.

The posture of this appeal is, therefore, controlled by the rule expressed in *Richards v. Kuppinger,* 46 Wn.2d 62, 278 P.2d 395 (1955), and interpreted, after our decision in *Thorndike v. Hesperian Orchards, Inc.,* 54 Wn.2d 570, 343 P.2d 183 (1959), by our decision in *Mayflower Air-Conditioners, Inc. v. West Coast Heating Supply, Inc.,* 60 Wn.2d 766, 375 P.2d 495 (1962).

The trial court has the right to weigh plaintiff's evidence on a motion for a nonsuit in a nonjury case. When the trial court has weighed the evidence and has apprized this

*Reported in 414 P.2d 795.

court by findings of fact of the evidence it found credible or of the facts it found which would prevent plaintiff from recovering, this court will accept the findings of fact as verities unless we determine that there is no credible and substantial evidence to support the findings. We cannot, however, substitute our findings for those of the trial court.

In February 1962 defendant contracted to install a side sewer on plaintiff's property in the location indicated on the written contract. The side sewer was for the purpose of connecting plaintiff's home to the main sanitary sewer, thus eliminating the need for a septic tank and its drain field. The side sewer was installed in June 1962.

Plaintiff's theory is this: when defendant dug the ditch for the sewer, he dug up and did not replace certain drain pipes connected to the downspouts of plaintiff's house; that drainage was interrupted, causing the ground to soften. Water collected in the basement, walls cracked, and the chimney separated from the house.

Reading the entire record has not been very helpful. It is full of references by indication to a large map of the premises. The indications, having been made in the presence of the trial judge, were probably meaningful to him, but are of little use at the appellate level. For example, it is not clear whether the downspouts were connected to the septic tank drain field or had a drain field of their own which was interlaced with the septic tank drain field.

The record does, however, support the trial court's finding that the side sewer was installed by the defendant in approximately the same area where the septic tank drain field was located.

Specifically, the trial court found:

That if in fact the septic tank drain field also drained something else on the premises the plaintiff did not explain to the defendant what it drained, and its need.

That if the defendant was negligent in cutting the connection of the drain off, then the plaintiff was contributorily [sic] negligent in failing to explain to the defendant what the drains were, and their purpose.

We find credible and substantial evidence in support of these findings in plaintiff's own testimony.

Q. Did you bring this to the defendant, Mr. Miller's, attention when he completed the job or was in the process of completing the job that he had removed the drain tile that was lying along the cement wall? A. I asked him what he was going to do with the concrete tile. He said he wasn't going to do nothing. Q. Did he tell you why he wasn't going to do anything? A. To my knowledge, I don't remember. . . . Q. Was there any conversation about whether it was necessary to put it back or not? A. Not to my knowledge. Q. Did he say he didn't have to put it back? . . . A. That is right. *He mentioned it was septic tank tile.* (Italics ours.)

Because of the temporary unavailability of some of plaintiff's witnesses, his counsel suggested that two defense witnesses might testify. In the order denying plaintiff's motion for a new trial, the trial judge stated that he "disregarded any testimony of such witnesses unfavorable to plaintiff" when he considered defendant's challenge to the sufficiency of the evidence. We find no error in this procedure.

The judgment is affirmed.