[No. 39536.    Department One.    September 5, 1968.]

NORMAN HATLEY, *Respondent,* v. FRED WEST et al.,
*Appellants.**

*Harley W. Allen,* for appellants.

*D. L. McMannis,* for respondent.

McGOVERN, J.—After his July 1, 1965 purchase of a ranch
in Whitman County, plaintiff found a number of horses
pastured on the property. An investigation led to the dis-
covery that the animals had been left there by the seller,
under whose care they had been placed by their various
owners.

Some of the horses belonged to defendants. Plaintiff then
met and discussed with them the matter of feed, care and
maintenance costs of the animals. They even considered the

*Reported in 445 P.2d 208.

possibility of selling the animals in order to pay the accrued costs of care. They were not sold.

When payment for the care was not made by April 1, 1966, plaintiff commenced this action. He alleged, among other things, that he had been caring for the animals since the preceding July and that he had a valid and existing agister's lien[1] against them for that care; he prayed for a personal judgment against the defendants on account of the care and pasturing of their horses; he asked that his lien be foreclosed[2] and he asked for a deficiency judgment in an amount equal to that still owing him after applying the proceeds of the foreclosure sale to his judgment. The relief prayed for was granted and this appeal taken.

The eight assignments of error relate to a single issue, that is, the propriety of the entry of the deficiency judgment.

■ Defendants first insist that plaintiff's action was solely a lien foreclosure, constituted an action in rem, and that the recovery should therefore be limited to the proceeds realized on a sale of the animals.

An examination of the record fails to support defendants' claim. To the contrary, it clearly reveals that plaintiff legitimately sought, in addition to a foreclosure of his agister's lien, a personal judgment against the defendants and a

---

[1]An agistment is a particular kind of bailment under which a person, for a consideration, takes in animals for care and pasturing on his land. RCW 60.56.040 provides: "Any farmer, ranchman, herder of cattle, tavern keeper, livery and boarding stable keeper to whom any horses, mules, cattle or sheep shall be entrusted for the purpose of feeding, herding, pasturing, training, caring for or ranching, shall have a lien upon said horses, mules, cattle or sheep for the amount that may be due for such feeding, herding, pasturing, training, caring for or ranching, and shall be authorized to retain possession of such horses, mules, cattle or sheep until the said amount is paid: *Provided,* That these provisions shall not be construed to apply to stolen stock."

[2]RCW 60.56.050 provides: "Any person having a lien under the provisions of RCW 60.56.040, may enforce the same by an action in any court of competent jurisdiction; and said property may be sold on execution for the purpose of satisfying the amount of such judgment and costs of sale, together with the proper costs of keeping the same up to the time of said sale."

deficiency decree.[3] This he was entitled to do. If plaintiff was to be awarded the personal judgment against the defendants that he sought, he was then entitled to look to all of their property, not exempted by law, to satisfy that judgment. RCW 6.04.060. The procedure constituted a legitimate attempt to attain full collection rights on the personal judgment he was seeking. The remedies requested, being neither contradictory nor mutually exclusive, could, and were granted in consonance. 53 C.J.S. *Liens* § 22(i) (1948). The assignment is without merit.

■ Defendants next argue that a personal judgment should not have been entered against them because they had no agreement with plaintiff upon which such judgment could be predicated. We do not agree. The evidence was that defendants placed their animals on plaintiff's ranch under an agreement with the prior owner that defendants would pay 50 cents per day per animal for their keep. And the amount of the judgment entered against them was

---

[3]The averments of the complaint were, in part, that plaintiff had pastured defendants' animals since the preceding July; that plaintiff was personally obligated in a reasonable sum for that care; that demand for payment had been made and refused; and that plaintiff had an agister's lien as security for that indebtedness. Plaintiff then prayed for

[J]udgment against defendants individually and as a marital community as follows:

1. For the sum of $2,520.00 together with interest thereon at the rate of 6% per annum from the date of judgment, and for the sum of $1.00 per day per head for the time said horses are kept by plaintiff after January 31, 1966.

2. For foreclosure of the plaintiff's Adjusters [*sic*] Lien, as determined in this action, against the interest of the defendants, and each of them, against the horses hereinbefore described, and against the interest of any person or persons claiming under them, and against any right, title and interest subsequently acquired by defendants or either of them, by sale in the manner provided by law, and that the proceeds thereof be applied to the payment of such lien, interest, attorney's fees and costs.

. . . .

4. For Judgment that, in the event that any deficiency remains after the application of the proceeds of such sale to the discharge of plaintiff's lien or judgment, and costs execution may issue against defendants and be enforced against any other property of theirs not exempt from execution.

computed on that basis. While true that the agreement was not made with the plaintiff, nonetheless defendants continued to accept the benefits of the agreement after being aware of the change in agisters. The care given the animals was care initially requested by defendants, on the ranch where they wanted it, necessary, and certainly of benefit to the defendants. To adopt the proferred defense would be to enrich defendants unjustly. Fundamental justice would not be served. Plaintiff rightfully expected, and deserved, to be paid for the care he had given the animals. The law will, under the facts, imply a legal obligation on the part of defendants to make reasonable payment for that care. *Milone & Tucci, Inc. v. Bona Fide Builders, Inc.*, 49 Wn.2d 363, 301 P.2d 759 (1956).

And, finally, defendants assert that the plaintiff expressly waived whatever rights he might have had against them for a personal judgment and a deficiency decree. The trial court considered that argument, rejected it, and expressly found to the contrary. The finding is amply supported by the evidence. We will not substitute our judgment for that of the trial court. *N. Fiorito Co. v. State*, 69 Wn.2d 616, 419 P.2d 586 (1966); *Cowitz v. Miller*, 68 Wn.2d 637, 414 P.2d 795 (1966).

The judgment of the trial court is affirmed.

FINLEY, C. J., ROSELLINI and HALE, JJ., and ARMSTRONG, J. Pro Tem., concur.